﻿Citation Nr: AXXXXXXXX
Decision Date: 03/31/20 Archive Date: 05/13/20

DOCKET NO. 190701-14928
DATE: May 13, 2020

ORDER

Entitlement to service connection for chronic myelomonocytic leukemia is granted.

FINDINGS OF FACT

1. The Veteran was exposed to herbicide agents while in service.

2. The Veteran’s chronic myelomonocytic leukemia is the result of his in-service herbicide exposure.

CONCLUSION OF LAW

The criteria for service connection for chronic myelomonocytic leukemia have been met. 38 U.S.C. §§ 1110, 5103, 5103A, 5107 (2012); 38 C.F.R. §§ 3.102, 3.303, 3.307 (2019).

REASONS AND BASES FOR FINDING SAND CONCLUSION

The Veteran served on active duty from February 1967 to February 1971.

The Rating Decision (RD) on appeal was issued in June 2019. The Veteran timely appealed this RD to the Board and requested the evidence submission review docket. See July 2019 VA Form 10182.

A Veteran is entitled to VA disability compensation if there is a disability resulting from personal injury suffered or disease contracted in the line of duty in active service, or for aggravation of a preexisting injury suffered or disease contracted in the line of duty in active service. 38 U.S.C. § 1110.

Generally, to establish a right to compensation for a present disability, a Veteran must show: (1) a present disability; (2) an in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service, the so-called “nexus” requirement. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004).

Service connection may be granted for any disease diagnosed after discharge, when all of the evidence, including that pertinent to service, establishes that a disease was incurred in service. 38 C.F.R. § 3.303(d).

A Veteran who during active military, naval, or air service served in the Republic of Vietnam during the period beginning January 9, 1962, and ending on May 7, 1975, shall be presumed to have been exposed during such service to an herbicide agent, unless there is affirmative evidence establishing that the Veteran was not exposed to any such agent. 38 U.S.C. § 1116(f) (2012) 38 C.F.R. § 3.307(a)(6) (2018). 

The Veteran is diagnosed with chronic myelomonocytic leukemia. See March 2018 VA Examination Report.

The Veteran contends he was exposed to herbicide agents while serving in Bien Hoa, Vietnam. See February 2018 VA Form 21-526EZ. However, after multiple attempts to obtain the Veteran’s service records, it was determined the Veteran’s records were not available. See August 2018 and 2019 Correspondence. The Veteran’s DD Form 214 notes service in the Air Force, foreign service, and Vietnam service and campaign medals. The Veteran consistently and credibly stated that he serviced in Bien Hoa, Vietnam. See September 2018 and January and June 2019 Veteran Statements. Buddy statements corroborate the Veteran’s service in Bien Hoa, Vietnam. See March 2019 and Buddy Statements. The Board further notes that there was an Air Base at Bien Hoa, Vietnam during the presumptive period. 

Given the above evidence, for purposes of this decision only, the Board finds it as likely as not that the Veteran served in the Republic of Vietnam during the presumptive period. As such, he is presumed to have been exposed to herbicide agents.

As to nexus, Dr. C.K. stated the Veteran’s chronic myelomonocytic leukemia was caused by the Veteran’s exposure to herbicide agents in Vietnam. See July 2019 Dr. C.K. Opinion. The Board finds Dr. C.K.’s opinion highly probative. Dr. C.K. rendered his opinion after reviewing the record and the opinion incorporated thorough rationale. 

The Board finds that there is persuasive evidence of record establishing a link between the Veteran’s in-service exposure to herbicide agents and his chronic myelomonocytic leukemia. Accordingly, the Board finds that a grant of service connection is warranted for chronic myelomonocytic leukemia. See 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102. 

 

 

DONNIE R. HACHEY

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board A. Zheng, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.